IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JONATHAN LAMAR SIMPSON, #38719** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23cv692** |
| | § | |
| **PHILLIP LINDER, ET AL.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Jonathan Lamar Simpson filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On September 1, 2023, the Court ordered Plaintiff: (1) within fourteen days from receipt of the Order, to either pay the $402.00 filing fee or submit a certified up-to-date *in forma pauperis* data sheet reporting trust fund activities for the last six months (Dkt. #5); and (2) within thirty days from receipt of the Order, to file an amended complaint (Dkt. #6). As of this date, Plaintiff has failed to comply with the Court's orders; thus, he has failed to prosecute his case.[1]

---

[1] Plaintiff filed correspondence to District Judge Amos L. Mazzant, III, stating he "expressly withheld" his consent for the United States Magistrate Judge to hear this case. (Dkt. #7). "The Federal Magistrate Act of 1979 provides that '[u]pon the consent of the parties, a fulltime United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of the judgment in the case, when specially designated to exercise such jurisdiction by the district court.'" *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (citing 28 U.S.C. § 636(c)(1). Consent by the parties is required for the United States Magistrate Judge to exercise full authority over dispositive motions and final disposition of the case. In the Eastern District of Texas, it is standard practice for District Judges to refer matters to United States Magistrate Judges for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636(b)(1), and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. With this limited referral, the District Court is free to adopt or reject a magistrate judge's recommendations, and the District Court retains all authority to issue decisions on dispositive matters and enter final judgment. In sum, Petitioner's consent is not required for the referral of this case to a United States Magistrate Judge by District Judge Amos L. Mazzant, III.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's orders. Therefore, the case should be dismissed for failure to prosecute.

### RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of October, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE